UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: ANNA J. FLETCHER,

    Debtor.
_____/

ANNA J. FLETCHER,

    Appellant,                          Case No. 23-10586

v.                                         Honorable Nancy G. Edmunds

MICHAEL STEVENSON, TRUSTEE,

    Appellee.
_____/

**OPINION AND ORDER VACATING THE BANKRUPTCY
COURT'S ORDER AND AMENDED ORDER AND
REMANDING THE MATTER TO THE BANKRUPTCY COURT**

The matter is before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Michigan. The debtor in the underlying bankruptcy action, Anna J. Fletcher, appeals from the Bankruptcy Court's order and amended order denying her motion to vacate the order of discharge and convert the matter from a Chapter 7 to Chapter 13 case. The Court has reviewed the record in its entirety and finds that a hearing is not necessary. *See* Fed. R. Bankr. P. 8013(c). For the reasons set forth below, the Court VACATES the Bankruptcy Court's order and amended order and REMANDS the matter to the Bankruptcy Court for further proceedings.

**I.**     **Standard of Review**

The Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1). The Bankruptcy Court's

1

findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo. *McMillan v. LTV Steel, Inc.*, 555 F.3d 218, 225 (6th Cir. 2009) (citations omitted). The issues raised in this appeal are questions of law subject to de novo review. "De novo means that the appellate court determines the law independently of the trial court's determination." *Myers v. Internal Revenue Serv. (In re Myers)*, 216 B.R. 402, 403 (B.A.P. 6th Cir. 1998) (citation omitted).

## II.     Background

Appellant filed the underlying Chapter 7 case on June 15, 2022. Appellee Michael Stevenson was appointed as the Trustee of the bankruptcy estate. A discharge order was entered on September 13, 2022.

During the course of the case, an investigation was conducted regarding a piece of real property located at 86 Hibbard, Pontiac, Michigan. Appellant had taken title to this property along with her mother on January 27, 2009. Her mother pre-deceased Appellant who became the sole owner of the property. On September 9, 2019, Appellant transferred one half of her interest in the property to her daughter for no consideration. Facing the possibility that Appellee might initiate an adversary proceeding to avoid this allegedly fraudulent transfer, on January 5, 2023, Appellant filed a motion to set aside the discharge order and convert the case to a Chapter 13 proceeding. After holding a hearing, the Bankruptcy Court issued an order and then an amended order denying the motion. (ECF No. 5, PageID.113-14.) Appellant both appealed to this Court and moved for reconsideration before the Bankruptcy Court. The Bankruptcy Court issued an order denying the motion for reconsideration and elaborating on its reasoning. (*Id.* at PageID.115-20.) The appeal is fully briefed and ready for review. (ECF Nos. 10-12.)

III.     Analysis

The Bankruptcy Court found no basis for relief under Federal Rule of Civil Procedure 60(b) and as a result, denied both the request to set aside the discharge and the request to convert from a Chapter 7 to Chapter 13 case. On appeal, Appellant does not challenge the conclusion that there is no basis for relief under Rule 60(b). Instead, she argues that the Bankruptcy Court erred by denying conversion solely due to the discharge and without an analysis of any other limit on the right to convert.

Under the Bankruptcy Code, a Chapter 7 debtor "may convert" to Chapter 13 "at any time" as long as the case has not previously been converted and the debtor qualifies as a Chapter 13 debtor. 11 U.S.C. § 706(a), (d). The Supreme Court has rejected the argument that the right to convert is absolute and held that the Bankruptcy Code does not limit the authority of the court to deny a motion to convert upon a showing of bad faith on the part of the debtor. *Marrama v. Citizens Bank*, 549 U.S. 365, 370-71 (2007). The Bankruptcy Court here did not reach the issues of bad faith or whether Appellant otherwise qualifies as a Chapter 13 debtor. Instead, it found that the previously issued discharge in Appellant's Chapter 7 case precluded conversion. As noted in the Bankruptcy Court's order denying Appellant's motion for reconsideration, this is consistent with a number of cases, including *In re Alcantar*, No. 19 B 24926, 2021 Bankr. LEXIS 2488 (Bankr. N.D. Ill. Sept. 10, 2021), that have reached this conclusion.[1] (*See* ECF No. 5, PageID.118 (citing cases).) These cases assume that post-discharge, there are no remaining debts to be paid pursuant to a Chapter 13 plan. *See, e.g.*, *Alcantar*,

---

[1] Appellant attempts to distinguish *Alcantar* on the facts. But ultimately, the issue here is one of statutory interpretation.

3

2021 Bankr. LEXIS 2488 at *10. But there is another line of cases that has rejected this holding. *See, e.g.*, *Mason v. Young (In re Young)*, 237 F.3d 1168, 1173-74 (10th Cir. 2001); *In re Oblinger*, 288 B.R. 781, 785 (Bankr. N.D. Ohio 2003); *In re Carter*, 285 B.R. 61, 68 (Bankr. N.D. Ga. 2002); *In re Mosby*, 244 B.R. 79, 88 (Bankr. E.D. Va. 2000). In doing so, one court reasoned as follows:

> [T]he argument that once a discharge has been issued there are no debts for a plan to pay cannot be supported by a close reading of the Bankruptcy Code. The effect of a discharge is to prohibit collection of the discharged debt 'as a personal liability of the debtor." 11 U.S.C. § 524(a). It does not, however, affect the liability of any other person or entity for the debt. 11 U.S.C. § 524(e). In particular, nothing in the Code suggests that a discharge eliminates the creditor's claim against the bankruptcy estate. The bankruptcy estate comes into existence upon 'the commencement of the case.' 11 U.S.C. § 541(a). Claims against the estate, if objected to, are determined 'as of the date of the filing of the [bankruptcy] petition.' 11 U.S.C. § 502(b). Even in a chapter 7 case that has never been converted, the sequence of events is such that the debtor generally receives his or her discharge prior to the trustee making distributions to creditors. It has never been seriously argued, however, that creditors whose debts are discharged in the course of an unconverted chapter 7 case thereby suddenly lose the right to receive their pro rata share of distributions. The analysis is not altered simply because the case is converted. The conversion of a case does not change the date of the commencement of the case or the date of the filing of the petition. 11 U.S.C. § 348(a). Thus, creditors with valid claims against the bankruptcy estate on the date the bankruptcy petition is filed do not lose them simply because the debtor is granted a discharge or the case is converted to another chapter.

*Mosby*, 244 B.R. at 87 (case citations omitted). The Court finds this analysis persuasive. This reasoning also refutes the notion that only non-dischargeable debt would be subject to any Chapter 13 plan. *See In re Croghan*, No. 21-10523, 2022 Bankr. LEXIS 3535, at *3-4 (Bankr. N.D. Ind. Aug. 31, 2022) (overruling an objection to a claim on the basis of a discharge entered prior to conversion from Chapter 7 to Chapter 13); *In re Pike*, 622 B.R. 898, 903 (Bankr. S.D. Ill. 2020) (same). And to the extent Appellee raises

4

the issue of a potential abuse of the bankruptcy process, as the *Mosby* court reasoned, "the court is not without the means to deal with such attempts on a case by case basis."[2] *Mosby*, 244 B.R. at 86. Thus, the Court finds that a Chapter 7 discharge is not an automatic bar to conversion to a Chapter 13 proceeding. This finding does not necessarily lead to a conclusion that Appellant is entitled to convert her case here. Instead, on remand, the Bankruptcy Court must consider whether Appellant qualifies as a Chapter 13 debtor. *See Marrama*, 549 U.S. at 374-76.

### IV. Conclusion

For the foregoing reasons, the Bankruptcy Court's order and amended order are VACATED, and the matter is REMANDED to the Bankruptcy Court for further proceedings consistent with this opinion and order.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 14, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 14, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

---

[2] The means identified by the *Mosby* court include the requirements of good faith and fair dealing prior to confirmation of a Chapter 13 plan and the requirement that a Chapter 13 plan provide creditors with at least as much as they would receive in a Chapter 7 liquidation. *Mosby*, 244 B.R. at 86-87 (citing 11 U.S.C. § 1325(a)(3), (a)(4)).